IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD BERRY, )<br>d/b/a CLOV-LAN FARMS, )<br>)<br>Plaintiff, )<br>)<br>v. )      Case No. 17-2109-JTM-GEB<br>)<br>ULRICH HEREFORD RANCH, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Richard Berry's Motion to Strike (**ECF No. 52**) two paragraphs from Defendants Peter Ulrich and Ulrich Hereford Ranch, Inc.'s First Amended Answer and Counterclaim (ECF No. 41). On July 18, 2017, the Court held an in-person hearing to discuss the pending motion. Participating were the following counsel:

- Richard Rhyne and Landon Magnusson (for Plaintiff);
- Catherine Theisen (for Ulrich Hereford Ranch, Inc. and Peter Ulrich);
- Meghan Lewis (for Lilybrook Herefords, Inc; Andy Schuepbach; and Hans Ulrich);
- Matthew Geiger (for Claresholm Veterinary Services, Ltd.).

Neither the Lilybrook defendants (Lilybrook Herefords, Inc; Andy Schuepbach; and Hans Ulrich) nor Claresholm Veterinary Services, Ltd. took a position on the pending motion, and neither offered argument at hearing. After review of the parties' briefing and considering the arguments of counsel, Plaintiff's Motion to Strike (**ECF No. 52**) is **DENIED** as explained below.

I.     **Nature of the Case**

The nature of this action was thoroughly explained in previous orders[1] and is not belabored here.  Highly summarized, this litigation arises from the sale of cattle by a Canadian ranch to Plaintiff, a Kansas rancher.  Plaintiff claims the cattle were in poor condition on their arrival to his ranch; many of the animals failed to thrive, and others died.  In his Amended Complaint (ECF No. 26), Plaintiff asserts breach of contract, fraud and negligent representation claims against defendants Ulrich Hereford Ranch, Inc. and Peter Ulrich (the "Ulrich defendants").  He seeks over $2.9 million in damages, including $2.75 million in lost profits.  Plaintiff's other claims against a related ranch, the auction company that facilitated the sale of some of the cattle, and the veterinarian who certified the animals' health were recently dismissed for this Court's lack of personal jurisdiction over the foreign defendants (Mem. and Order, ECF No. 70).  Only the claims against the Ulrich defendants remain.[2]

The Ulrich defendants deny Plaintiff's claims, and contend Plaintiff neglected to feed or care for the cattle properly after he received them.  Defendants filed a Counterclaim (ECF Nos. 34, 41) against Plaintiff for breach of contract and unjust enrichment.  They claim that, in addition to not caring for the cattle, Plaintiff failed to pay Defendants in full, and he failed to sufficiently insure the cattle.

---

[1] *See* Memorandum and Order granting in part and denying in part Defendants' Joint Motion to Stay Discovery (ECF No. 55), and Memorandum and Order granting multiple Motions to Dismiss for Lack of Jurisdiction (ECF No. 70).
[2] Memorandum and Order, ECF No. 70 (finding this Court lacks personal jurisdiction over defendants Lilybrook Herefords, Andy Schuepbach, Hans Ulrich (collectively the "Lilybrook defendants", Claresholm Veterinary Services, and Balog Auction Services, and dismissing all five defendants without prejudice to permit refiling where personal jurisdiction may be exercised).

## II. Procedural Posture

After the Ulrich defendants responded to Plaintiff's initial Complaint and Amended Complaint, and the remaining defendants filed their dispositive motions, all parties participated in a Fed. R. Civ. P. 26(f) planning conference.[3] In light of the pending dispositive motions,[4] the defendants seeking dismissal sought a stay of discovery, which this Court granted, in part, by ordering full discovery postponed but requiring all parties to provide initial disclosures under Rule 26(a)(1)(A) (ECF No. 55). In light of the recent order dismissing those defendants seeking the stay, however, the Court will promptly set this matter for scheduling.

## III. Motion to Strike (ECF No. 52)

Plaintiff now seeks to strike two paragraphs from the Ulrich defendants' First Amended Answer (ECF No. 41). The two paragraphs at issue read as follows:

> 126. Plaintiff has previously been found to have failed to pay for care of his cattle. In *Bock v. Berry*, Case No. 06SR-AC00044, Henry County, Missouri Circuit Court, the court entered judgment against Mr. Berry for failing to pay rent on a pasture and failing to pay expenses incurred to care for cattle.

> 127. Plaintiff also has been found to have engaged in deceptive conduct in connection with multiple livestock transactions. In *State v. Berry*, Case No. 2004 CV-135, Franklin County, Kansas District Court, the court entered judgment against Mr. Berry for engaging in deceptive practices and unconscionable conduct in connection with livestock transactions. The court also enjoined Mr. Berry from selling horses within the State of Kansas for 3 1/2 years.

---

[3] The Report of Parties' Planning Conference was submitted to the Court by email from counsel on May 23, 2017 (maintained in Chambers' file).

[4] Defendant Claresholm filed an initial motion to dismiss for lack of personal jurisdiction (ECF No. 18), and after Plaintiff amended his Complaint, Claresholm refiled its dispositive motion (ECF No. 27). Balog Auction filed its motion to dismiss (ECF No. 29), and the Lilybrook defendants quickly followed suit (ECF No. 31).

(ECF No. 41, at 19-20.) Plaintiff claims the paragraphs contain insufficient defenses and are scandalous, and they are included solely for the purpose of harassing him. He also argues the allegations are an attempt to enter into the record evidence that is prohibited by Fed. R. Evid. 404(b), which precludes the use of improper character evidence. Plaintiff requests the paragraphs be stricken because they are scandalous and may cause him prejudice.

In response, Defendants argue Plaintiff failed to meet his burden to prove the allegations in ¶¶ 126 – 127 of the Amended Answer are either immaterial or prejudicial, even though he must establish both in order for the paragraphs to be stricken. Defendants contend the allegations should not be stricken simply because they contain factual information in support of a defense, and Plaintiff's attempt to strike the paragraphs is an improper attempt to obtain an advance ruling on the admissibility of evidence. Defendants believe the allegations are neither scandalous nor harassing, and they are legitimately offered to support Defendants' theory that Plaintiff failed to properly care for the cattle. The applicable legal standards and the parties' arguments are addressed in turn.

### A. Legal Standard

Fed. R. Civ. P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule permits the Court to strike the information on its own, or act pursuant to a motion made by a party

either prior to responding to the pleading, or if no response is permitted, within 21 days of being served with the pleading.[5]

Rule 12(f) presents two bases for striking an allegation from a pleading. First, a defense is considered insufficient "if it cannot succeed, as a matter of law, under any circumstances."[6] Second, an allegation "is considered redundant, immaterial, impertinent, or scandalous if it is 'so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and . . . [its] presence in the pleading throughout the proceeding will be prejudicial to the moving party.'"[7]

"Immaterial matter" is further defined as "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material."[8] Although some courts have stricken immaterial matter that "may" also be prejudicial,[9] the prevailing approach in this District requires more. Most courts consider immateriality alone to be insufficient "to trigger the drastic remedy of

---

[5] Fed. R. Civ. P. 12(f). In this case, Plaintiff filed his motion within 21 days of being served with Defendants' First Amended Answer and Counterclaim, and the parties raise no issue regarding timeliness.

[6] *Rajala v. McGuire Woods, LLP*, No. 08-02638-CM-DJW, 2011 WL 91948, at *2 (D. Kan. Jan. 11, 2011) (citing *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 648–49 (D. Kan. 2009) (other internal citations omitted).

[7] *Id.* (citing *Youell v. Grimes,* No. 00–2207–JWL, 2001 WL 121955, at *2 (D. Kan. Feb. 8, 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 650 (2d ed.1990)); *see also* 5C Wright & Miller, *Federal Practice and Procedure* § 1380 (3d ed. Apr. 2017 update).

[8] *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (*Foster v. Pfizer Inc.,* No. 00–1287–JTM, 2000 WL 33170897, at *2 (D. Kan. Dec.12, 2000); *Miller v. Pfizer, Inc.,* No. 99–2326–KHV, 1999 WL 1063046, at *3 (D. Kan. Nov.10, 1999)).

[9] *See, e.g., Northern Natural Gas Co. v. L.D. Drilling Co., Inc.*, No. 08-1405-JTM, 2017 WL 1048365, at *2 (D. Kan. Mar. 20, 2017) (finding Rule 12(f) should be used to strike material "only when the material may be prejudicial to a party and lacks any possible relation to the controversy") (internal quotations and citations omitted).

striking parts of a pleading; the allegation *must also be* prejudicial" to the moving party.[10] "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."[11] Courts have described "scandalous" material to be that which is "irrelevant and 'degrade[s] defendants' moral character, contain repulsive language, or detract from the dignity of the court.'"[12]

Ultimately, the purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[13] But the striking of allegations is a drastic remedy. Motions to strike are "generally disfavored, and are usually not granted absent a showing of prejudice to the moving party."[14] The court has discretion to decide whether to strike a matter under Rule 12(f),[15] and "any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.'"[16] The party seeking to strike portions of a pleading "has a 'demanding burden' to show adequate grounds under Rule 12(f)."[17]

B.   Discussion

The first basis on which the Court could strike ¶¶ 126 – 127 of Defendants' Answer is if the material equates to an insufficient defense that could not succeed as a matter of law

---

[10] *Dean*, 2004 WL 3202867, at *1 (emphasis added) (citing *Foster,* 2000 WL 33170897, at *2).
[11] *Foster*, 2000 WL 33170897, at *2.
[12] *Dean*, 2004 WL 3202867, at *1 (citing *Foster,* 2000 WL 33170897, at *2) (other internal citations omitted).
[13] *Rajala*, 2011 WL 91948, at *2 (citing *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)).
[14] *Id*. (citing *Semsroth v. City of Wichita,* No. 06–2376–KHV–DJW, 2008 WL 45521, at *2 (D. Kan. Jan 2, 2008)) (other internal citations omitted).
[15] *Sawo v. Drury Hotels Co., LLC*, No. 11-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011).
[16] *Rajala,* 2011 WL 91948, at *2 (internal citation omitted).
[17] *Sawo*, 2011 WL 3611400, at *2.

under any circumstance.[18]  In Plaintiff's Motion, he contends these paragraphs contain an insufficient defense, but he fails to support this statement with any facts or authority, and he does not address the issue in his reply brief.  Therefore, the Court finds Plaintiff has not met his burden to show the defense is insufficient.

Next, the Court must examine whether the paragraphs are "redundant, immaterial, impertinent, or scandalous."[19]  Plaintiff claims the information is both immaterial and scandalous.  First he contends the information is immaterial, on its face, because ¶¶ 126 – 127 lack any possible relation to the controversy.  He argues the cases cited in those paragraphs are over 10 years old, and the parties and facts of those cases are clearly distinct from those in the current litigation.  But Defendants assert the findings of those matters are relevant to Plaintiff's history in the livestock business and his claims for nearly $3 million in lost profits.  Because Plaintiff's ability to care for livestock and his expertise in the livestock business will be necessary to prove, or disprove, his claim of lost profits, Defendants believe the information in ¶¶ 126-127 is important to its defense theory that Plaintiff lacked the knowledge, skill, and business acumen to care for the cattle properly and achieve the alleged profit margin.  The Court is persuaded by Defendants' arguments, and finds the information is not so unrelated to the claims in this case "as to be unworthy of any consideration"[20] and is therefore sufficiently material to avoid being stricken.

Plaintiff also contends the information in ¶¶ 126-127 is scandalous and was inserted into the record only to harass him.  To be considered scandalous, the information must be

---

[18] *Rajala*, 2011 WL 91948, at *2 (citing *Hayne,* 263 F.R.D. at 648–49) (other internal citations omitted).
[19] Rule 12(f); *see Rajala*, 2011 WL 91948, at *2.
[20] *Rajala*, 2011 WL 91948, at *2 (internal citations omitted).

7

"irrelevant and 'degrade[s] defendants' moral character, contain repulsive language, or detract from the dignity of the court."[21] The material has already been found to bear relevance to Defendants' theory. Furthermore, the paragraphs contain no repulsive language, and it is difficult to imagine how the publicly-reported findings of other courts could detract from the dignity of this Court. Although the information sheds a negative light on Plaintiff's history, such negativity is all too common in litigation, but does not rise to the level of degrading his moral character. For all of these reasons, the Court does not find the material to be scandalous.

Plaintiff believes the allegations about the previous litigation may be prejudicial if permitted to remain in Defendants' Amended Answer. He argues ¶¶ 126 – 127 essentially suggest that because Plaintiff previously acted in a specific manner in earlier court cases, he had the propensity to commit similar acts during his current dealings with Defendants. Plaintiff contends this sort of "character evidence" is specifically prohibited by Fed. R. Evid. 404(b). But, as pointed out by Defendants, other courts in this District have clearly found a motion to strike to be an inappropriate forum to prematurely determine the admissibility of evidence.[22] Plaintiff contends these cases do not apply here, because his motion is not *solely* based on evidentiary arguments under Fed. R. Evid. 404(b). Rather,

---

[21] *Dean*, 2004 WL 3202867, at *1 (internal citations omitted).
[22] *N. Nat. Gas Co.*, 2017 WL 1048365, at *2 (finding "Rule 12(f) . . . is not designed to allow parties to obtain advance rulings on the admissibility of evidence. [Evidentiary] disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.") (internal citations and quotations omitted). *See also Sawo*, 2011 WL 3611400, at *2 (finding, "Defendant relies on Fed. R. Evid. 408 to obtain an advance ruling as to the admissibility of evidence . . . [but the] issue on a Rule 12(f) motion, however, is not admissibility of evidence at trial, but rather immateriality, impertinence, and scandalousness of allegations in the complaint. [Evidentiary] disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.")

Plaintiff contends he simply offers the rule as an illustration to support his contention that the information is immaterial (because it cannot be used as evidence) and scandalous (because the information directly bears on Plaintiff's character).

However, the Court finds Plaintiff's attempt to distinguish his evidentiary arguments unpersuasive. In Plaintiff's motion, he predominantly argued about the inadmissibility of ¶¶ 126 - 127 under Fed. R. Evid. 404(b), much like the moving parties' failed evidentiary arguments in *Northern Natural Gas Co. v. L.D. Drilling Co., Inc.*,[23] and *Sawo v. Drury Hotels Co., LLC*.[24] Having already found the allegations not otherwise immaterial or scandalous, the Court will not strike the information based upon a prediction of its eventual admissibility at this stage of litigation.

### C. Conclusion

Exercising its discretion, the Court finds the information in ¶¶ 126-127 of Defendants' Amended Answer (ECF No. 41) to bear some relevance to the defense theories presented therein. Additionally, the allegations do not rise to the level of degradation or indecency to be considered scandalous. Although Plaintiff could conceivably prevail on a later motion in limine (to which this Court offers no opinion), the purpose of a motion to strike is not to provide an advance ruling on the admissibility of evidence. Resolving any doubt about the importance of the information at issue in favor of the Defendants, the Court

---

[23] *N. Nat. Gas Co.*, 2017 WL 1048365, at *2 (where plaintiff asked to strike portions of defendant's answer, in part, because it included statements made during compromise negotiations contrary to Fed. R. Evid. 408).

[24] *Sawo*, 2011 WL 3611400, at *2 (where defendant sought to strike allegations in the complaint, in part, on grounds they were inadmissible under Fed. R. Evid. 408 as a compromise or offer to compromise).

finds Plaintiff fails to meet his heavy burden to demonstrate prejudice.  For these reasons, Plaintiff's Motion to Strike (ECF No. 52) is DENIED.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (**ECF No. 52**) is **DENIED** as set forth above.

**IT IS FURTHER ORDERED** that this case is set for a scheduling conference in accordance with Fed. R. Civ. P. 16 on **August 31, 2017 at 11:00 a.m.**  The conference will be held by telephone.  The court will initiate the conference call, and the attorneys who have entered an appearance must be available for the conference call at the telephone numbers listed in the pleadings.  Counsel shall confer, and by **August 24, 2017**, Plaintiff must submit a revised report of the parties' planning conference to the chambers of the undersigned magistrate judge.  The report must follow the Court's prescribed form and must be submitted electronically in .pdf format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*.  It must not be filed with the Clerk's Office.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of August 2017.

                                          s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge